IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMICA MUMPHREY, | § | |
| BERNADITA TORREZ, | § | |
| and JOE GILLIS, | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: 3:09-CV-1208-M |
| | § | |
| CSA - CREDIT SOLUTIONS of | § | |
| AMERICA, INC., and | § | |
| DOUG VAN ARSDALE, | § | |
| | § | |
| Defendant(s). | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO TRANSFER, OR IN THE ALTERNATIVE, MOTION TO BIFUUCATE CLAIMS**

Plaintiffs file this Response to Defendants' Motion to Transfer, or in the Alternative, Motion to Bifurcate Claims, and in support state the following:

### I.   PROCEDURAL BACKGROUND

On June 6, 2009, Theresa Willins and Joi Broadnax filed suit in this Court against Defendants CSA – Credit Solutions of America, Inc.[1] alleging that they had been misclassified as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"). Williams and Broadnax indicated their intention to pursue their claims on behalf of themselves and other similarly situated Debt Consultants, as permitted by the collective action provisions of the FLSA.

---

[1] Defendant Doug Van Arsdale was joined by subsequent amendment.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, MOTION TO BIFURCATE CLAIMS                                                              1

Three weeks later, Tamica Mumphrey, Bernadita Torrez, and Joe Gillis, electing not to participate in the Willins case, chose instead to file their own lawsuit making similar claims of misclassification as well as claims of unlawful retaliation.[2]  (Dkt. 1, Complaint-Collective Action.)

On November 5, 2009, Defendants moved to transfer the Mumphrey case to this Court, or in the alternative, to bifurcate Plaintiffs' misclassification claims from the retaliation claims and transfer the misclassification claims alone.[3]  (Dkt. 14.)  Five days later, prior to the deadline for Plaintiffs' response under Local Rule, Judge Kinkeade entered an order transferring the Mumphrey case to this Court.  (Dkt. 15.)

On November 13, 2009, Plaintiffs' counsel was contacted by telephone by Grace Hill, Law Clerk to the Honorable Barbara M.G. Lynn, and notified that the Court would like Plaintiffs to file a response addressing 1) whether the Court should bifurcate Plaintiffs' misclassification claims and consolidate them with those asserted in the Willins case, and 2) assuming the Court consolidates the two cases, Plaintiffs' position on the content of the Agreed Scheduling Order submitted by the parties in the Willins case.

## II.    ARGUMENT

Though it will mean taking the issues out of their logical order, because it is so fundamentally inconsistent with the FLSA's "opt-in" collective action mechanism, Plaintiffs will first address their opposition to consolidation of their misclassification

---

[2] The phrase "Collective Action" was inadvertently included in the title of Plaintiffs' Complaint.  Plaintiffs did not plead and subsequently made clear that they do not intend to pursue their claims as a collective action.  (Dkt. 8, Jnt. Report at 2.)

[3] Defendants sought bifurcation only as an alternative remedy to transfer and they have not requested consolidation of the Plaintiffs' claims with those made in the Willins case.

claims with those asserted in the first-filed Willins case. Following that discussion, Plaintiffs will articulate the reasons that the Court should not order separate trials of Plaintiffs' claims, but should allow them to proceed to trial as filed.

### A. Consolidation of Plaintiffs' Misclassification Claims with a Potential Collective Action is Unwarranted.

#### 1. Consolidation under these circumstances is inconsistent with the FLSA's opt-in mechanism.

FLSA collective actions are procedurally unique such that consolidation, effectively forced joinder, should not be permitted. The statute's collective action provisions explicitly mandate that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b) (emphasis added).

Courts considering the issue directly, usually in the context of a motion to transfer, have relied on the plain language of the statute to rule against the involuntary combination of the claims of FLSA plaintiffs in the absence of written consent. As observed not long ago by Judge Boyle, "no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, giving his written, filed consent." *Salinas v. O'Reilly Automotive, Inc.*, 358 F. Supp. 2d 569, 571 (N.D. Tex. 2005); *citing Alix v. Shoney's, Inc.*, 1997 WL 66771, at *2 (E.D.La. Feb.18, 1997). In evaluating a motion to transfer an FLSA collective action, a Louisiana district court held that "the 'opt-in' structure of collective actions ... strongly suggests that Congress intended to give plaintiffs considerable control over the bringing of an FLSA action." *Alix v. Shoney's, Inc.*, 1997 WL 66771, at *2 (E.D.La. Feb.18, 1997). **Consolidation of Plaintiffs' claims, in whole or in part, "may**

**have the *de facto* effect of forcing the plaintiffs to 'opt-in'" to a lawsuit without their consent.** *Johnson v. Big Lots Stores, Inc.*, No. Civ.A. 04-3201, 2005 WL 357200, at *4 (E.D. La. Feb 10, 2005) (citation omitted) (emphasis added) (determining that "[t]he Court will not force the plaintiffs to "opt-in" to another suit lightly.")

Mumphrey, Torrez, & Gillis were each aware of the pendency of the Willins case, and that it would be pursued as a collective action, before they filed suit. For reasons both personal and tactical, they elected not to join the Willins case as opt-in plaintiffs. They should not now be robbed of that choice by the consolidation of their claims with a collective action that they have not consented to join.

   **2. Consolidation would force Plaintiffs to contend with the complexities of a collective action.**

Apart of the conflict with the statutory language that would result from involuntary consolidation, there are a number of significant practical consequences to forcing Plaintiffs to litigate their misclassification claims as opt-in plaintiffs in a collection action.

   *a) Hurdle of conditional certification*

The plaintiffs in the Willins case have indicated they will file a Motion for Notice and Conditional Certification. (*See* Ex. A, Joint Status Report, *Willins v. CSA,* Cause No. 3:09-CV-1025 at ¶ 2.) To prevail, the Willins plaintiffs must establish that they are similarly situated to those opt-in plaintiffs and potential opt-in plaintiffs they seek to represent, which if consolidation is ordered, would include Mumphrey, Torrez and Gillis. Defendants' position in the Willins case is that "a collective action is not appropriate in this proceeding because, among other things, Plaintiffs are not similarly situated to one

another of to the putative opt-in plaintiffs." (*Id.*) Plaintiffs did not and do not wish to be saddled with the additional burden of proving that a similarly situated class exists before they have the opportunity to have decided the legality of their classification as exempt under the FLSA. This burden should not be forced on them.

### b) *Risks of decertification*

Assuming the Court conditionally certifies the Willins case as a collective action, absent a settlement, it is likely that Defendants will move to decertify the class. If decertification is granted, Defendants will almost certainly argue that Plaintiffs' claims are time-barred, at least in part, based on the running of the FLSA's limitation period. Although Plaintiffs believe this position is contrary to law, they do not desire to assume the risk that the Court may rule otherwise, and in doing so, negatively impact the value of their claims.

### c) *Longer time to adjudication of liability and damages*

If consolidation were ordered, Plaintiffs would be required to sit by and wait until the parties to the Willins case briefed, and the Court decided, Plaintiffs' Motion for Notice and Conditional Certification. According to the proposed Agreed Scheduling Order in the Willins case, the plaintiffs would have sixty days after entry of the order to file their motion. After completion of briefing, consideration of the motion by the Court, and, assuming conditional certification is granted, the expiration of an opt-in period of sixty days, ninety days, or more, the earliest that the Plaintiffs in the instant case could begin to conduct discovery as to the merits of their claims would be late spring or possibly early summer of 2010.

### B. Consolidation may subject Plaintiffs to potential liability from counter-claims asserted in the Willins case, but not asserted against Plaintiffs.

In the Willins case, Defendants have gone so far as to plead counter-claims for alleged breach of contract, unjust enrichment, money had and received, setoff and recoupment, and attorneys' fees and costs against the representative and opt-in plaintiffs. (*See* Ex, B Defs'. First Am. Answer, Aff. Defenses, and Counter Claims, *Willins v. CSA,* Cause No. 3:09-CV-1025 at ¶¶ 72-147.)  These claims have not been asserted against Plaintiffs.  Consolidation would force them to defend against these allegations.

### C. The Court Should Not Order Plaintiffs' Legal Theories to be Tried Separately.

Forcing Plaintiffs to try separately their misclassification and retaliation claims runs no less risk of inconsistent results than allowing their claims to be tried in the same case.  For example, Defendants assert that Plaintiffs actually owe them money.  (Defs'. Answer and Aff. Defenses to Plaintiff's First Am. Comp. at ¶¶ 49-50.)  In the Joint Report Regarding Contents of Scheduling Order, Defendants assert that "Plaintiffs are indebted to CSA for overpayments of commissions and other sums."  (Dkt. 8 at ¶ 2.) Though Plaintiffs dispute that an employer may seek a setoff, much less money damages, against an employee asserting a cause of action under the FLSA, should Defendant be allowed to press this defense in each of two separate trials, an inconsistent outcome may result.

### D. Proposed Agreed Scheduling Order

Plaintiffs understand that the Court would like to be apprised of their position on the Agreed Scheduling Order, which was submitted by the parties in the Willins case.[4] Because the scheduling order is tailored to accommodate the unique procedural aspects of a collective action, and because Plaintiffs do not wish to be a part of a collective action, Plaintiffs object to the scheduling order in its entirety. Plaintiffs have begun and desire to proceed with discovery[5] as to the merits of their claims.

However, should the Court elect to consolidate Plaintiffs' claims with those asserted in the Willins case, Plaintiffs have no objection to the content of the scheduling order as it would govern the consolidated action.

### III.   PRAYER

For these reasons, Plaintiffs urge the Court to order neither the separation of Plaintiffs' claims as pled nor the consolidation of any such claim with the Willins case.

> Respectfully submitted,
>
> By: /s/ Jeremi K. Young
> **Jeremi K. Young**
> State Bar No. 24013793
> 112 W. 8th Avenue, Suite 900-D
> Amarillo, Texas  79101
> (806) 331-1800
> (806) 398-9095 (fax)
>
> ATTORNEY FOR PLAINTIFFS

---

[4] The Court's clerk forwarded to Plaintiffs' counsel a two-page Agreed Scheduling Order dated November 12, 2009 and signed by Barbara M.G. Lynn, United States District Judge, Northern District of Texas.

[5] The parties have made initial disclosures, Defendants have responded to initial written discovery requests, and the depositions of Mr. Van Arsdale and another fact witness will be taken on December 8, 2009.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 25th day of November, 2009, the foregoing document was electronically transmitted to the Clerk of the Court for filing via the Court's ECF System.

                                          By: /s/ *Jeremi K. Young*
                                                      Jeremi K. Young