IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TAMICA MUMPHREY, § | |
| BERNADITA TORREZ, § | |
| and JOE GILLIS, § | |
| § | |
| Plaintiff(s), § | |
| § | |
| VS. § | CIVIL ACTION NO: 3:09-CV-1208-M |
| § | |
| CSA - CREDIT SOLUTIONS of § | |
| AMERICA, INC., and § | |
| DOUG VAN ARSDALE, § | |
| § | |
| Defendant(s). § | |

## **PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND BRIEF IN SUPPORT**

Plaintiffs filed this suit seeking recovery of unpaid overtime wages and other damages for unlawful retaliatory conduct pursuant to the Fair Labor Standards Act 29 U.S.C. § 201 *et seq*. ("FLSA").  In their First Amended Answer, Affirmative Defenses and Counterclaims, filed on December 15, 2009, Defendants asserted 28 boilerplate "Affirmative Defenses."  (Dkt. 19, ¶¶ 31-58.)  However, Defendants failed to plead sufficient facts to support these defenses and have therefore failed to meet the applicable pleading standard set by the Supreme Court.

### I.   FACTUAL BACKGROUND

CSA, a financial service company, and its founder Doug Van Arsdale are in the business of marketing and selling debt settlement packages to the public. Defendants employed Plaintiffs as debt consultants.  As debt consultants, Plaintiffs were responsible for selling Defendants' debt settlement packages to customers meeting specific criteria.   Defendants failed to pay debt consultants for hours worked over 40 in a workweek.  As a result, Defendants owe Plaintiffs time

and one half their regular rates of pay for hours worked over 40 in a workweek. Moreover, Defendants terminated Plaintiffs' employment as a direct result of their complaint and refusal to sign what Plaintiffs' believed may be an unlawful waiver of their rights to such overtime compensation. In their First Amended Answer, Affirmative Defenses and Counterclaims, Defendants asserted numerous affirmative defenses, but they have offered no factual allegations to support them. Given the absence of sufficient facts to make these claims plausible, the Court should strike these defenses.

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, defenses are "subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999). A defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id*. Asserting defenses without particularity, as Defendants have done here, "falls well short of the minimum particulars" imposed by Federal Rule of Civil Procedure 8. *Id*. Because the "defenses" pleaded by Defendants are insufficient, the Court should strike them pursuant to FED. R. CIV. P. 12(f), which permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own initiative or on a motion filed within twenty days of being served with the pleading.

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A. H. Robins Company*, 697 F.2d 880, 885 (9th Cir. 1983). "A motion to strike under Federal Rule 12(f) is therefore the proper vehicle for a plaintiff to challenge a legally insufficient affirmative defense." *United States v. Hempfling*, 2007 WL 1299262, at *4 (E.D.Cal.

2007). "If an affirmative defense is insufficient on its face, or comprises no more than 'bare bones conclusory allegations,' it must be stricken." *Hempfling* at *4. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979).* It follows that an answer asserting affirmative defenses must "contain sufficient factual matter, accepted as true, to state a [defense] that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 and 1954 (2009) (addressing the factual specificity required for a complaint to survive a motion to dismiss). *Ashcroft* explained that pleading under Rule 8 requires more than a recitation of elements and conclusory statements; the claim or defense must be at least generally placed in its factual context. *Id.*; *see also Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007). In *Twombly*, the Supreme Court clarified the specificity standard for pleadings, stating that they must "provide the 'grounds' of [the party's] 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). This pleading standard is equally applicably to a defendant's defenses. *See Voeks v. Wal-Mart Stores, Inc.*, 2008 WL 89434, *6 (E.D. Wis., January 7, 2008). Thus, in deciding whether Defendant's asserted defenses satisfy the *Twombly* standard, the Court must determine if the asserted defenses go beyond mere labels and conclusions and a formulaic recitation of elements, if any.[1] In order for "defenses" to be properly pleaded, then, they must give Plaintiffs not only fair notice of the defense being asserted but "the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2191, 2200 (2007) (interior quotes and citation to *Twombly* omitted) (per curiam).

---

[1] Defendant does not actually plead any elements of any of its "defenses". All of them are generally and vaguely pleaded, offering mere labels and conclusions.

Under this standard, each of the Defendants' defenses is inadequately pleaded and is therefore insufficient. Defendants offer only boilerplate assertions, none of which set forth the grounds upon which these putative defenses rest.

## III.  ARGUMENT

Defendants make no effort to allege sufficient facts on which the Court may grant relief on any of their affirmative defenses. As such, the Court should strike each of the affirmative defenses.

Respectfully submitted,

By: /s/ Jeremi K. Young
**Jeremi K. Young**
State Bar No. 24013793
112 W. 8th Avenue, Suite 900-D
Amarillo, Texas  79101
(806) 331-1800
(806) 398-9095 (fax)

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2010, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

By: /s/ *Jeremi K. Young*
   Jeremi K. Young