IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMICA MUMPHREY, BERNADITA TORREZ and JOE GILLIS, | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-1208-M |
| | § | |
| CSA – CREDIT SOLUTIONS of AMERICA, INC. and DOUG VAN ARSALDE, | § § § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Credit Solutions of America, Inc.'s ("CSA") Motion to Transfer, or in the Alternative, to Bifurcate Claims [Docket Entry #14]. Transfer was granted by U.S. District Judge Ed Kinkeade. For the reasons explained below, the Motion to Bifurcate Claims is **DENIED**.

### BACKGROUND FACTS AND PROCEDURAL HISTORY

CSA is engaged in the business of consumer debt reduction and debt settlement. Plaintiffs Tamica Mumphrey, Bernadita Torrez, and Joe Gillis ("Plaintiffs") are former employees of CSA who worked as debt consultants at CSA's Dallas, Texas offices.

On June 6, 2009, Theresa Willins and Joi Broadnax, also formerly employed as Debt Consultants by CSA in Dallas, Texas, filed a putative collective action against CSA in this Court (the "Willins case"), alleging that they had been misclassified as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA").

Three weeks later, Plaintiffs filed this lawsuit (the "Mumphrey case") alleging the same FLSA claims as well as claims of unlawful retaliatory termination. The Mumphrey case was

before U.S. District Judge Ed Kinkeade.  CSA moved to transfer the Mumphrey case to this Court, or in the alternative, to bifurcate Plaintiffs' FLSA claims from the retaliation claims and transfer the misclassification claims alone.  Judge Kinkeade entered an order transferring the Mumphrey case to this Court.

This Court is now presented with the question of whether the FLSA claims in the Mumphrey case should be severed and consolidated with the Willins case.

## ANALYSIS

The collective action provision of the FLSA explicitly states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."[1]  Consolidation of the Mumphrey FLSA claims with the Willins FLSA claims would *de facto* force Plaintiffs to opt in to a collective action without their consent, in contravention of the FLSA.[2]  The Court therefore finds that the Plaintiffs' FLSA claims should not be bifurcated from their retaliatory termination claims and consolidated with the Willins case against Plaintiffs' wishes.

## CONCLUSION

For the reasons stated above, CSA's Motion to Bifurcate is **DENIED**.  Plaintiffs' claims will proceed as filed in this case.

**SO ORDERED.**

January 5, 2010.

*[signature]*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[1] 29 U.S.C. § 216(b).
[2] *See Salinas v. O'Reilly Automotive, Inc.*, 358 F. Supp. 2d 569, 571 (N.D. Tex. 2005) (Boyle, J.) ("In FLSA collection [sic] actions, as opposed to Rule 23 class actions, 'no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent.'") (quoting *Alix c. Shoney's, Inc.*, 1997 WL 66771, at *2 (E.D. La. Feb. 18, 1997)).