IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMICA MUMPHREY, BERNADITA TORREZ, and JOE GILLIS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-cv-1208-M |
| CREDIT SOLUTIONS OF AMERICA, INC. and DOUG VAN ARSDALE, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Strike Affirmative Defenses [Docket Entry #20]. For the reasons explained below, the Motion to Strike is **GRANTED** in part, with leave to replead in accordance with this Order.

BACKGROUND FACTS AND PROCEDURAL HISTORY

Defendant Credit Solutions of America, Inc. ("CSA") is engaged in the business of consumer debt reduction and debt settlement. Plaintiffs Tamica Mumphrey, Bernadita Torrez, and Joe Gillis are former employees of CSA who worked as debt consultants at CSA's Dallas, Texas offices.

On June 26, 2009, Mumphrey and Torrez filed a complaint against CSA, alleging that they had been misclassified as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), and that they had been improperly terminated in retaliation for their refusal to sign a waiver of their right to file an FLSA action without first obtaining the advice of legal counsel. On July 2, 2009, Gillis joined the action as a co-plaintiff.

1

On December 15, 2009, CSA filed its Amended Answer, asserting various affirmative defenses and alleging counterclaims against Plaintiffs for overpayments of advance commissions in connection with their employment with CSA.

Plaintiffs now move to strike CSA's affirmative defenses for failure to meet the pleading standards of Federal Rule of Civil Procedure 8(c).

## ANALYSIS

A court may strike from a pleading any insufficient defense.[1] While motions to strike are generally disfavored, the Court has discretion to strike an affirmative defense if it is insufficient as a matter of law.[2]

Affirmative defenses are subject to the same pleading requirements that apply to complaints.[3] Therefore, the pleading of an affirmative defense does not require "detailed factual allegations," but it does demand more than a boilerplate assertion devoid of factual support.[4] A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do.[5]

While the Fifth Circuit has acknowledged that merely pleading the name of the affirmative defense may be sufficient in some cases, a defendant must plead an affirmative defense with enough factual specificity to give the plaintiff "fair notice" of the defense.[6]

CSA's assertions of affirmative defenses are sufficient under this standard, except for its arguments that Plaintiffs' claims are barred by "the doctrines of res judicata and collateral

---

[1] Fed. R. Civ. P. 12(f).
[2] *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983); *FDIC v. Cheng*, 832 F. Supp. 181, 185 (N.D. Tex. 1993) (Sanders, C.J.).
[3] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).
[4] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).
[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[6] *Woodfield*, 193 F.3d at 362.

estoppel"[7] and "illegal and/or improper motives."[8] These assertions contain no factual allegations at all, nor is it possible to understand the genesis of these defenses from CSA's Answer as a whole.

Plaintiffs' Motion to Strike CSA's affirmative defenses is therefore GRANTED in part, with leave to replead.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Strike Affirmative Defenses is **GRANTED** in part. CSA may replead its deficient affirmative defenses in accordance with the standards set forth in this Order.

**SO ORDERED.**

February 24, 2010.

*signature*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[7] CSA's Amended Answer at ¶ 43.
[8] *Id.* at ¶ 56.